IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WALTER ANTHONY DESHAZO                                              PLAINTIFF

v.                           Civil No. 06-4089

JOHN PARTAIN, et al.                                                DEFENDANTS

## **MEMORANDUM OPINION**

Walter DeShazo brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed in forma pauperis (IFP) and it is now determined whether it should be served upon the defendants.

### I. Discussion

DeShazo contends that Sheriff John Partain, R. W. Wiggins, Chris Brackett, and Chief Deputy Kim Culp appeared at his home to serve an alleged writ of possession on September 27, 2002. (Doc. 1). DeShazo alleges that there was no actual writ of possession and that R. W. Wiggins used this alleged writ as a means of gaining access to DeShazo's home to "stage evidence for a crime that did not exist." He also states that Randall Wright used the writ as a means of removing documents from DeShazo's home that implicated Wright in two pending lawsuits. Further, DeShazo contends that Judge Charles Yeargen and Judge Robert Lowery "used color of law to cover-up [these] unlawful activities."

However, DeShazo's claims are barred by the statute of limitations as they are based on events that occurred more than three years before the filing of this complaint. Section 1983 actions are characterized as personal injury claims for purposes of applying the appropriate state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254

(1985). Arkansas' three-year personal injury statute applies to any § 1983 actions that accrued in this state. *Searcy v. Donelson*, 204 F.3d 797, 799 (8th Cir. 2000); *Ketchum v. City of West Memphis,* 974 F.2d 81, 82 (8th Cir. 1992). This case was filed on October 13, 2006. The alleged actions the subject of this suit occurred on September 17, 2002, more than three years prior to the filing of the complaint.

Moreover, even if the claims were not barred by the statute of limitations, they would not be cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that would necessarily imply the invalidity of a conviction or sentence was not cognizable unless the conviction had been invalidated. DeShazo has made no showing that his conviction or sentence was rendered invalid. *See also, Anderson* v. *Franklin County, Missouri*, 192 F.3d 1125, 1131 (8th Cir. 1999).

Further, DeShazo's claims against Judges Yeargen and Lowery are subject to dismissal, regardless of the statute of limitations. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear that neither situation applies here.

AO72A
(Rev. 8/82)

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA, §1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

De Shazo does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent DeShazo seeks injunctive relief his claims are subject to dismissal.

Likewise, DeShazo can not pursue his claims against Ralph Keen, Tom Cooper, or Randall Wright. Prosecuting attorneys are also immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976),

established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear Keen, Cooper, and Wright are entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent DeShazo's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. DeShazo can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

To the extent DeShazo intends to bring a malicious prosecution claim, the claim fails. It has been "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). Similarly, a cause of action for defamation is not cognizable under § 1983.

-4-

*Loftin v. United States*, 72 F.3d 133 (8th Cir. 1995); *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983).

## II. Conclusion

Accordingly, this case is hereby dismissed as it is barred by the statute of limitations. Moreover, the claim is not cognizable under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

DATED this 15th day of November 2006.

>  /s/ Harry F. Barnes
>  HONORABLE HARRY F. BARNES
>  UNITED STATES DISTRICT JUDGE

AO72A
(Rev. 8/82)